**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **AML IP, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 6:20-cv-01198** |
| **v.** | ) | |
| | ) | |
| **AFFINIPAY, LLC and** | ) | |
| **AFFINIPAY HOLDINGS LLC,** | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

AML IP, LLC ("AML") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 6,876,979 ("the '979 patent") (referred to as the "Patent-in-Suit") by Affinipay, LLC and Affinapay Holdings LLC ("Affinipay").

## I. THE PARTIES

1. Plaintiff AML is a Texas Limited Liability Company with its principal place of business located in Harris County, Texas.

2. On information and belief, Affinipay, LLC is a limited liability company existing under the laws of the State of Texas, with a principal place of business located at 13740 Hwy 183 North, Austin, TX 78750. On information and belief, Affinipay, LLC sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Affinipay, LLC may be served through their registered agent C T Coproration Systems, 1999 Bryan St. Suite 900, Dallas, Texas 75201.

3. On information and belief, AffiniPay Holdings LLC is a limited liability company existing under the laws of the State of Texas, with a principal place of business located at 6200 Bridgepoint Pkwy Bld. 4, Suite 250, Austin, TX 78730.  On information and belief, Affinipay sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district AffiniPay Holdings LLC may be served through their registered agent C T Coproration Systems, 1999 Bryan St. Suite 900, Dallas, Texas 75201.

## II.   JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or

deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III. INFRINGEMENT

### A. Infringement of the '979 Patent

7. On April 5, 2005, U.S. Patent No. 6,876,979 ("the '979 patent", attached as Exhibit A) entitled "Electronic Commerce Bridge System" was duly and legally issued by the U.S. Patent and Trademark Office. AML IP, LLC owns the '979 patent by assignment.

8. The '979 patent relates to a novel and improved methods and apparatuses for conducting electronic commerce.

9. Affinipay maintains, operates, and administers payment products and services that facilitate purchases from a vendor using a bridge computer that infringes one or more claims of the '979 patent, including one or more of claims 1-13, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '979 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the following preliminary table:

| Exemplary claim | |
|---|---|
| A method for using an electronic commerce system having a bridge computer to allow a user at a user device to make a product purchase at a purchase price from a given vendor having a web site provided by a vendor computer over a communications network, | <br><br><https://affinipay.com/><br><br>AffiniPay has a method for using an electronic commerce system having a bridge computer to allow a user at a user device to make a product purchase at a purchase price from a given vendor having a web site provided by a vendor computer over a communications network.<br><br>The reference includes subject matter disclosed by the claims of the patent after the priority date. |

| US6876979 B2 | AffiniPay |
| --- | --- |
| wherein the vendor is associated with at least one of a plurality of service providers wherein each of the plurality of service providers has a service provider computer, and wherein the user has a user account maintained by at least one of the plurality of service providers, the method comprising: | <br><br><https://lawpay.com/><br><br>The reference describes the vendor is associated with at least one of a plurality of service providers wherein each of the plurality of service providers has a service provider computer, and wherein the user has a user account maintained by at least one of the plurality of service providers. |

| US6876979 B2 | AffiniPay |
|---|---|
| debiting the user's account by the purchase price when the user purchases the product from the given vendor; | DesignPay's custom Payment Links allow your clients to easily view their invoices and immediately pay any outstanding balance via their computer or phone. Plus, you can personalize your payment page with your firm's contact information and logo.<br><br><https://designpay.com/features/custom-payment-links/><br><br>The reference describes debiting the user's account by the purchase price when the user purchases the product from the given vendor. |

| US6876979 B2 | AffiniPay |
| --- | --- |
| determining from among the plurality of service providers, using the bridge computer, whether the given vendor is associated with the same service provider with which the user's account is maintained or is associated with a different service provider; and | After you've connected, choose where you want users to pay.<br><br>**To have users pay** / **Why you might choose this** / **Do this**<br><br>In your app or site / You want seamless payment integration in your application or website. You don't want users to leave your application or website to make a payment. You like the flexibility of a custom payment form. / Create a payment form to collect cardholder and payment details, secure those details by tokenizing them, and then make a charge within your application or website.<br><br>In our payment portal / You'd prefer to send users to our payment portal. / Create an invoice to send users a payment link that enables them to pay within our payment portal.<br><br>Pay in your mobile app / You want seamless payment integration in your mobile app. / Add payment screens to your mobile app. Your backend servers will make the charges securely on behalf of your mobile app. *This type of integration is for partners only.*<br><br><https://developers.affinipay.com/quickstart/quickstart.html><br><br>The reference describes determining from among the plurality of service providers, using the bridge computer, whether the given vendor is associated with the same service provider with which the user's account is maintained or is associated with a different service provider. |

| US6876979 B2 | AffiniPay |
|---|---|
| if the service provider with which the user's account is maintained is the same as the service provider with which the vendor is associated, crediting the given vendor by the purchase price using funds from the user's account at that same service provider and, | 1: Connect to the AffiniPay Payment Platform<br><br>You have to connect to the AffiniPay Payment Platform before you can run transactions. How you connect depends on how you want to integrate.<br><br>**To take payments** / **Do this**<br><br>On behalf of your customers, who *have* AffiniPay accounts — You're an AffiniPay partner. You need permission to take payments on behalf of your customers, who are AffiniPay merchants. Connect existing merchants.<br><br>On behalf of your customers, who *need* AffiniPay accounts — You're an AffiniPay partner. You'll need to provision AffiniPay accounts for your customers. You can:<br><br><https://developers.affinipay.com/quickstart/quickstart.html><br><br>The reference describes if the service provider with which the user's account is maintained is the same as the service provider with which the vendor is associated, crediting the given vendor by the purchase price using funds from the user's account at that same service provider. |

| US6876979 B2 | AffiniPay |
| --- | --- |
| if the service provider with which the user's account is maintained is different from the service provider with which the vendor is associated, crediting the given vendor by the purchase price using funds from the service provider with which the vendor is associated and using the bridge computer to reimburse that service provider with the purchase price using funds from the user's account. | 1: Connect to the AffiniPay Payment Platform<br><br>You have to connect to the AffiniPay Payment Platform before you can run transactions. How you connect depends on how you want to integrate.<br><br>**To take payments** / **Do this**<br><br>On behalf of your customers, who *have* AffiniPay accounts — You're an AffiniPay partner. You need permission to take payments on behalf of your customers, who are AffiniPay merchants. Connect existing merchants.<br><br>On behalf of your customers, who *need* AffiniPay accounts — You're an AffiniPay partner. You'll need to provision AffiniPay accounts for your customers. You can:<br><br><https://developers.affinipay.com/quickstart/quickstart.html><br><br>The reference describes if the service provider with which the user's account is maintained is different from the service provider with which the vendor is associated, crediting the given vendor by the purchase price using funds from the service provider with which the vendor is associated and using the bridge computer to reimburse that service provider with the purchase price using funds from the user's account. |

These allegations of infringement are preliminary and are therefore subject to change.

11. Affinipay has and continues to induce infringement. Affinipay has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., payment products and services that facilitate

purchases from a vendor using a bridge computer) such as to cause infringement of one or more of claims 1–13 of the '979 patent, literally or under the doctrine of equivalents. Moreover, Affinipay has known or should have known of the '979 patent and the technology underlying it from at least the date of issuance of the patent.

12. Affinipay has and continues to contributorily infringe. Affinipay has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., payment products and services that facilitate purchases from a vendor using a bridge computer) and related services such as to cause infringement of one or more of claims 1–13 of the '979 patent, literally or under the doctrine of equivalents. Moreover, Affinipay has known or should have known of the '979 patent and the technology underlying it from at least the date of issuance of the patent.

13. Affinipay has caused and will continue to cause AML damage by direct and indirect infringement of (including inducing infringement of) the claims of the '979 patent.

## IV. JURY DEMAND

AML hereby requests a trial by jury on issues so triable by right.

## V. PRAYER FOR RELIEF

WHEREFORE, AML prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '979 patent through Affinipay payment links;

b. award AML damages in an amount sufficient to compensate it for Defendant's infringement of the '979 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award AML an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award AML its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award AML such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey & Schwaller, LLP**

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for AML IP, LLC***